```
                  United States District Court
                    District of Massachusetts
```

```
_____
                               )
PATRICIA WHELCHEL              )
       Plaintiff,              )
                               )
       v.                      )      Civil Case No.
                               )      12-11369-NMG
REGUS MANAGEMENT GROUP, LLC    )
       Defendant.              )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Patricia Whelchel ("Whelchel") commenced this action against her former employer Regus Management Group, LLC ("Regus") at the Massachusetts Commission Against Discrimination ("the MCAD") in 2008. Welchel alleges that Regus discriminated against her based on her age in violation of Mass. Gen. Laws ch. 151B. Defendant attempted to "remove" the case to this Court in July, 2012. Currently before the Court are plaintiff's motions to remand the case to the MCAD and for attorneys fees.

## I. Background

### A. Factual Background

According to the complaint, Whelchel worked for HQ Business Centers ("HQ") from 1988 to 1992, when she was laid off. In 1994, she returned to the company at the request of then-owner Bill Van Loan and continued to work for HQ for another decade.

-1-

In 2004, Regus assumed management of HQ and implemented a reorganization plan. That plan eliminated Whelchel's position and led to her termination in May, 2008 at age 49. The day she was terminated, Whelchel learned that her position had not been eliminated and, instead, a younger employee with significantly less experience was promoted to fill the vacant position.

### B. Procedural History

Whelchel commenced this action in the MCAD in 2008. In July, 2011, the MCAD issued a Notice of Dismissal. Whelchel appealed that decision and in January, 2012, the MCAD reversed itself and entered a finding of Probable Cause. In March, 2012, Whelchel submitted a settlement proposal. In June, 2012, after conciliation efforts failed, the MCAD discontinued its investigation of the complaint and referred the matter for adjudication, i.e., determined that Whelchel could sue.

In July, 2012, Regus filed and served a "Notice of Removal" to this Court pursuant to 28 U.S.C. § 1332. Whelchel now moves to remand the case to the MCAD on the grounds that the agency is not a state court from which an action may be removed under 28 U.S.C. §§ 1441 and 1446. In the alternative, Whelchel argues that the removal was untimely.

Welchel also is currently pursuing an action before the Equal Employment Opportunity Commission ("EEOC"), a federal agency.

**II.   Motion for Remand**

    **A.   Legal Standard**

Under 28 U.S.C. 1446(b) and 1441(a) only an action in "state court" may be removed to federal court.  Although state administrative proceedings are generally not removable, in rare cases an action before a state agency may be properly removed if stringent removal requirements are met.  <u>Sousa</u> v. <u>Chrysler Motors Corp.</u>, No. 86-2694-W, 1986 WL 507 (D. Mass. Dec. 2, 1986).  The party seeking removal bears the burden of showing that removal is proper.  <u>Danca</u> v. <u>Priv. Health Care Sys., Inc.</u>, 185 F.3d 1, 4 (1st Cir. 1999).

To determine whether an action commenced in a state agency may be removed, the district court applies a "functional test" that evaluates 1) the state agency's procedures and enforcement powers, 2) whether the locus of traditional jurisdiction over the subject matter is state or federal and 3) the respective state and federal interests in the subject matter and in the provision of a forum.  <u>Volkswagen de P.R., Inc.</u> v. <u>P.R. Labor Relat. Bd.</u>, 454 F.2d 38, 44 (1st Cir. 1972).  Numerous other courts have since either explicitly adopted the <u>Volkswagen</u> test or applied a very similar functional test.  E.g. <u>Sun Buick, Inc.</u> v. <u>Saab Cars USA</u>, Inc., 26 F.3d 1259, 1264 (3d Cir. 1994)(applying similar functional test); <u>Rockville Harley-Davidson</u> v. <u>Harley-Davidson Motor Co.</u>, 217 F. Supp. 2d 673, 676 (D. Md. 2002) (collecting

cases).  Although the Volkswagen Court laid out a three part test, subsequent cases applying Volkswagen have relied on only the first and third prongs.  E.g. Sousa, 1986 WL 507 at *1.  Furthermore, both state agencies and federal courts are traditional loci for discrimination claims so the second prong is not determinative in this case.  The Court, therefore, declines to address the second prong.

**B.   Application**

**1.   Agency Functions and Powers**

Under the first prong of the Volkswagen test the court evaluates whether the state agency exercises powers and utilizes procedures that are sufficiently judicial in nature to constitute a "state court" for removal purposes.  The MCAD does provide an adjudicative format similar to that of a state court.  Parties engage in discovery under rules akin to the Massachusetts and Federal Rules of Civil Procedure.  804 Mass. Code Regs. § 1.19 (2012).  The MCAD must "follow the rules of evidence then prevailing in the courts of the Commonwealth."  804 Mass. Code Regs. § 1.21(11) (2012).  Oral argument is permitted at MCAD proceedings.  804 Mass. Code Regs. § 1.21(14) (2012).  Furthermore, parties, witnesses and counsel are directed to conduct themselves according to the standards of decorum observed in the state courts.  804 Mass. Code Regs. § 1.21(3) (2012).

On the other hand, weighing strongly against a finding of state court status is the fact that the MCAD cannot enforce its own judgments. Sousa, 1986 WL 507 at *2 (agency "unlike a state court" where it lacked enforcement power). Instead, the MCAD must appeal to the Massachusetts Superior Courts to ensure compliance with its orders. See Mass. Gen. Laws ch. 151B § 6 (1987).

Courts applying the functional test have found "uncourtlike" powers to be "even more significant" than "courtlike" powers. DeLallo v. Teamsters Local Union No. 776, No. CIV.A. 94-3875, 1994 WL 423873, at *4 (E.D. Pa. Aug. 12, 1994). Thus, an agency's non-judicial functions are also weighed heavily against a finding of state court status. Volkswagen, 454 F.2d at 44. The MCAD exercises significant non-judicial powers in the course of its adjudicative proceedings. For example, the MCAD exercises significant investigatory powers not possessed by a court and at times its role is prosecutorial. In fact, the MCAD actually functions as the prosecutor for any discrimination claim pending before the agency. Mass. Gen. Laws ch. 151B, § 5 (2003)("MCAD, and not the complainant... prosecutes the claim"). In addition to investigating discrimination complaints filed by individuals, the MCAD also possesses the power to initiate investigations without an individual complainant. Mass. Gen. Laws ch. 151B, § 5 (2003); 804 Mass. Code Regs. § 1.10 (2012).

The <u>Volkswagen</u> Court also held, however, that when an agency lacks rule-making power it is more like a court. 454 F.2d at 44. Subsequent cases have also found that an agency that lacks legislative powers is more "court-like." <u>Sousa</u>, 1986 WL 507, at *2. Nevertheless, the MCAD is charged with significant legislative duties, including adopting, promulgating, amending and rescinding rules to prevent discrimination. <u>See</u> Mass. Gen. Laws ch. 151B, § 3(5) (2012). These legislative functions weigh heavily against a determination that the MCAD is a state court.

In opposing remand, Regus relies on <u>Brunson</u> v. <u>Wall</u>, in which the Supreme Judicial Court held that the MCAD is a "court of competent jurisdiction" on the grounds that it is properly authorized to adjudicate discrimination claims. 541 N.E.2d 338, 340 (Mass. 1989). Regus' reliance is misplaced, however, because in <u>Brunson</u> the Court evaluated an MCAD proceeding to determine whether preclusive effect could be given to unreviewed decisions by the MCAD. 541 N.E. 2d at 339. The Court did not find that the MCAD was a state court for federal removal purposes. Furthermore, the <u>Brunson</u> court considered only the MCAD's judicial nature in the proceeding at issue, whereas the <u>Volkswagen</u> test requires evaluation of the "judicial nature of the [agency] in general." <u>Sun Buick, Inc.</u> v. <u>Saab Cars USA, Inc.</u>, 26 F.3d 1259, 1262 (3rd Cir. 1994).

In the rare instances in which removal from a state agency has been granted, federal courts have emphasized that the agency was considered judicial under state law. E.g. Sun Buick, 26 F.3d 1259, 1263 (3d Cir. 1994). Indeed, the Volkswagen court noted that its determination that state court status was appropriate was based, in part, on the fact that the Puerto Rico Labor Relations Board had previously been described as "quasi-judicial" by the state court. 454 F.2d at 44. Furthermore, the United States Supreme Court has held that removal from a county court was proper, even though the county court was charged with some administrative duties, because it was a judicial tribunal and a court of record as ordained by the state constitution. Madisonville Traction Co. v. Saint Bernard Mining Co., 196 U.S. 239, 250-251 (1905). In contrast, the statute that established the MCAD does not construe it as a court of record or as part of the state's judicial structure. Mass. Gen. Laws ch. 6 § 56 (2007); ch. 151B § 3 (2012). Instead, ch. 151B

> authorizes suits in court, in order to free the [MCAD] to work for the remedy best designed to eliminate and prevent discrimination.

804 Mass. Code Regs. § 1.02 (2012). That regulation indicates that the primary function of the MCAD is administrative rather than judicial and that the legislature did not intend the MCAD to operate as a state court.

### 2. Federal Interest

Courts applying the Volkswagen test have considered the third prong to be the most important test. Rockville Harley-Davidson v. Harley-Davidson Motor Co., 217 F. Supp. 2d 673, 679 (D. Md. 2002) (collecting cases).  Under that prong the court considers whether there is sufficient federal interest in the case to warrant removal to a federal forum.  In order to justify removal, the federal court must have a greater interest than simply providing a forum for diverse parties.  Such an interest is negligible compared to the substantial state interest in "administering a state program and preserving the oversight role of a state agency". Id. at 680.

Removal may be appropriate in cases where federal law is directly applicable. E.g. Nationwide Mut. Ins. v. N.H. Dept. of Labor, No. 07-CV-241-PB, 2007 WL 2695387 (D.N.H. Sept. 12, 2007)(removal appropriate because ERISA expressly preempts state law claim).  Regus contends that there is no functional difference between Whelchel's state law claim before the MCAD and the federal claim pending before the Equal Employment Opportunity Commission ("EEOC") and that such a similarity creates sufficient federal interest in adjudicating the MCAD claim in a federal forum.  This is not, however, a case where removal is appropriate because the claim will ultimately be decided under federal law regardless of the forum.  See Floeter v. C. W. Transp., Inc., 597

F.2d 1100, 1102 (7th Cir. 1979).  The only claim pending in this matter is the Chapter 151B claim.  Thus, there is a very strong state interest but little or no federal interest in the case.

### 3. Timeliness of Removal

Because the court finds that removal is unwarranted, it need not reach the issue of whether the removal was timely.

## III. Motion to Award Attorneys Fees

### A. Legal Standard

A district court may award attorneys' fees incurred as a result of an order of remand because of improper removal.  28 U.S.C. § 1447(c)("an order remanding the case may require payment of just costs and actual expenses, including attorneys' fees").  Federal Rule of Civil Procedure 11 authorizes a court to assess "reasonable attorneys' fees and other expenses" against an "attorney, law firm or party" who fails to conduct a reasonable inquiry into the underlying law and facts before filing.  The court is to conduct an objective evaluation of the reasonableness of the pleading under the circumstances. Ballard's Serv. Ctr, Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989).  Attorneys fees are appropriate when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." F. D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc., 417 U.S. 116, 129 (1974).

**B.   Application**

Because the <u>Volkswagen</u> test requires the court to conduct a fact intensive evaluation of the specific agency and because no federal court has previously evaluated the MCAD under the <u>Volkswagen</u> test, it was not settled law whether removal from the MCAD is permitted.  Consequently, the Court finds that the defendant's removal was not frivolous or vexatious and declines to award attorney's fees.

**ORDER**

In accordance with the foregoing,

1) plaintiff's motion for remand (Docket No. 9) is **ALLOWED,**

2) plaintiff's motion for attorney's fees (Docket No. 9) is **DENIED.**

**So ordered.**

     /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 8, 2012